

600 Congress Avenue, Suite 2200
Austin, TX 78701
Telephone: 512-305-4700
Fax: 512-305-4800
www.lockelord.com

Mike A. Hatchell
Direct Telephone: 512-305-4752
Direct Fax: 512-391-4752
mahatchell@lockelord.com

December 31, 2015

**FILED**

12/31/2015

**Twelfth Court of Appeals**
**Pam Estes**
**Clerk**

The Hon. Pam Estes, Clerk
Twelfth Court of Appeals
1517 West Front Street, Suite 354
Tyler, Texas 75702

Re:   No. 12-14-00288-CV; *J. Mark Swinnea v. ERI Consulting Engineers, Inc. and Larry Snodgrass*; In the Twelfth Court of Appeals

Dear Ms. Estes:

Subject to the accompanying motion for leave to file this post-argument letter brief, the Appellees appreciate your forwarding the following to the Court:

At the oral argument of this case on November 17, 2015, the Court asked if there was further authority on the issue of whether sums disgorged in equity for breach of fiduciary duty can be characterized as punitive damages and then, in this case, combined with the specific award of punitive damages for purposes of analyzing the "proportionality" element under a United States Constitution "due process" analysis.

After the argument, Appellees researched the issue further nationwide and in Texas. Additional authorities identified from that research and elsewhere are supplied in the following charts:

## NON-TEXAS AUTHORITIES:

| | |
|---|---|
| *§43, Restatement (Second) of Torts, cmt.* | "When the compensation of the trustee is reduced or denied, the reduction or denial *is not in the nature of an additional penalty* for the breach of trust but is based upon the fact that the trustee has not rendered or has not properly rendered the services for which compensation is given," as quoted in *Burrow v. Arce*, 997 S.W.2d 229, 238 (Tex. 1999). |
| *Turnbow v. Life Partners, Inc.,* No. 3:11-CV-1030-M, 2013 WL 3479884, at *18 (N.D. Tex. July 9, 2013). | "Disgorgement wrests ill-gotten gains from the hands of the wrong-doer" and is intended to be "remedial and not punitive." |
| *S.E.C. v. Koenig,* 532 F. Supp. 2d 987, 994 (N.D. Ill. 2007), aff'd in part and remanded, 557 F.3d 736 (7th Cir. 2009). | "The SEC has also established by a preponderance of the evidence that it is entitled to disgorgement. Disgorgement is an equitable, not a punitive remedy and should be fashioned so as to deprive Koenig of the unjust enrichment he derived from his securities violations. *Lipson*, 278 F.3d at 664. The disgorgement figure calculation is discretionary and need not be exact. *SEC v. First Jersey Secs. Inc.*, 101 F.3d 1450, 1474-75 (2d Cir. 1996). Ambiguity relating to the calculation should be resolved against Koenig. *SEC v. Lorin*, 76 F.3d 458, 462 (2d Cir.1996). |

| *U.S. S.E.C. v. Blackwell*, 477 F. Supp. 2d 891, 915 (S.D. Ohio 2007). | "Defendants argue that this court may offset a criminal fine against a disgorgement order if it finds that the criminal fine either served the same purpose as the requested disgorgement, or that the criminal fine was intended to be, at least in part, restitutionary in nature. In support of these propositions, Defendants rely on *SEC v. Monarch Funding Corp.*, 1996 WL 348209 at *10, 1996 U.S. Dist. LEXIS 8756 at *35 (S.D.N.Y. June 24, 1996). In *Monarch*, the SEC sought disgorgement in the amount of $1,566,000 against defendant Bertoli ("Bertoli") even though in a prior criminal action, Bertoli was assessed a $100,000 criminal fine. The court rejected Bertoli's contention that disgorgement would violate the constitution's prohibition against double jeopardy because disgorgement is not punitive in nature. *Id.* at 1996 WL 348209 at *10, 1996 U.S. Dist. LEXIS 8756 at *34. |
|---|---|
| *F.T.C. v. Febre*, 128 F.3d 530, 537 (7th Cir. 1997). | "[D]isgorgement is designed to be remedial and not punitive. *Rowe v. Maremont Corp.*, 850 F.2d 1226, 1241 (7th Cir. 1988). "[D]isgorgement does not penalize, but merely deprives wrongdoers of ill-gotten gains." *CFTC v. Hunt*, 591 F.2d 1211, 1222 (7th Cir. 1979). As an equitable remedy, disgorgement is meant to place the deceived consumer in the same position he would have occupied had the seller |

| | |
|---|---|
| | not induced him to enter into the transaction. Disgorgement also prevents the defendant from being unjustly enriched by his fraud. *Randall v. Loftsgaarden*, 478 U.S. 647, 671–72, 106 S.Ct. 3143, 3157–58, 92 L.Ed.2d 525 (1986). |

### TEXAS AUTHORITIES:

| | |
|---|---|
| *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 584 (Tex. 1963). | • "[A] recovery of the consideration paid as a result of fraud constitutes actual damages, and will serve as a basis for recovery of exemplary damages." *Id*. at 583 (quoting *Briggs v. Rodriguez*, 236 S.W.2d 510 (Tex. Civ. App.—San Antonio 1951, writ ref'd n.r.e.) (emphasis added).<br>• "It is consistent with equitable principles for equity to exact of a defaulting corporate fiduciary *not only the profits* rightfully belonging to the corporation but *an additional exaction* for unconscionable conduct." (Emphasis added). |
| *Nabours v. Longview Savs. & Loan Ass'n*, 700 S.W.2d 901 (Tex. 1985). | "[W]here equity requires the return of property, this 'recovery of consideration paid as a result of fraud constitutes actual damages and will serve as a basis for the recovery of exemplary damages.'" *Id*. (quoting *Holloway*, 368 S.W.2d at 568). |

| | |
|---|---|
| *In the Estate of Preston*, 346 S.W.3d 137 (Tex. App.—Fort Worth 2011, no pet.). | "While the mere grant of injunctive relief will not support an award of punitive damages, the supreme court has recognized a '*recovery of property' exception to the rule requiring the recovery of actual damages*, noting that 'where equity requires the return of property, this 'recovery of the consideration paid as a result of fraud constitutes actual damages and will serve as a basis for the recovery of exemplary damages.'" *Id*. at 169-770 (quoting *Nabours*, 700 S.W.2d at 904-05). (Emphasis added.) |
| *Scott v. Sebree*, 986 S.W.2d 364, 368 (Tex. App.—Austin 1999, pet. denied). | "We do not believe that by using the term 'actual damages' in [the statutory fraud context] the legislature intended to preclude a defrauded party from utilizing an appropriate *equitable substitute* for out-of-pocket or benefit-of-the-bargain damages." (Emphasis added) |
| *Lesikar v. Rappeport*, 33 S.W.3d 282 (Tex. App.—Texarkana 2000, pet. denied). | "[T]he Supreme Court has authorized the recovery of punitive damages in actions sounding in equity, even where there is *no award of typical actual damages*." *Id*. at 310 (citing *Nabours*; later discussing and quoting from *Holloway*, 368 S.W.2d at 584). (Emphasis added.) |

| | |
|---|---|
| *Procom Energy, L.L.A. v. Roach*, 16 S.W.3d 377, 385 (Tex. App.—Tyler 2000, pet. denied). | Rejecting an argument that "the recovery of actual damages is a prerequisite to an award of exemplary damages: "Note 3 of the *Nabours* opinion authorizes punitive damages where these damages are incident to equitable relief when it involves the return of property." *Id*. "The 'return of property' exception, however, is not as narrow as *Nabours* seems to imply. In *International Bankers Life v. Holloway*, 368 S.W.2d 567, 584 (Tex. 1963), the court sanctioned the recovery of punitive damages in an equitable action in which the plaintiff sought to recover usurped corporate profits." *Id*. "Thus, under the *Holloway* opinion, we conclude that *punitive damages may be recoverable where equitable relief is granted* and the promised interest has not been conveyed, despite the absence of jury findings of actual damages." *Id*. |
| *In re Longview Energy Co.*, 464 S.W.3d 353, 361 (Tex. 2015). | Quoting *Burrow v. Arce* for the proposition that "equitable forfeiture 'is not mainly compensatory … nor is it mainly punitive' and 'cannot … be measured by … actual damages'" and also holding: "[d]isgorgement is compensatory in the same sense attorney fees, interest, and costs are, but it is not damages." |

| | |
|---|---|
| *Ex parte Ward*, 964 S.W.2d 617 (Tex. Crim. App. 1998) (en banc). | "Until recently, the federal courts were at odds as to whether federal forfeiture under the civil statutes constituted 'punishment' as to which the Double Jeopardy Clause of the Fifth Amendment applied. However, the United States Supreme Court recently resolved this confusion by concluding federal civil forfeitures do not constitute 'punishment' for purposes of the Double Jeopardy Clause because they are civil *in rem* proceedings which are neither punitive nor criminal in nature." *Id.* at 625-26 (citing *United States v. Usery*, 518 U.S. 267 (1996)). |
| *2007 Infiniti G35X Motor Vehicle, VIN JNKBV61E17M708556 v. State*, No. 06-13-00057-CV, 2014 WL 991970, at *1 n.1 (Tex. App.—Texarkana Mar. 13, 2014, no pet.). | "Traditional civil forfeitures, in rem proceedings, are not considered punishment or fines and thus are not subject to the Eight Amendment's prohibition against excessive fines." |

These additional authorities confirm that disgorgement is a remedy, not punishment, with the disgorged sums acting as an "additional exaction" for actual damages that are difficult to prove because of the nature of the wrong. As such, disgorged sums cannot be moved to the other side of the equation for a "due process" analysis under the proportionality criterion adopted in the United States Supreme Court cases

Respectfully submitted,

**LOCKE LORD LLP**

*/s/ Mike A. Hatchell*

Michael Austin Hatchell

## CERTIFICATE OF SERVICE

I certify that on December 31, 2015, a true and correct copy of the foregoing

was e-served via EFileTx.gov upon the following counsel of record:


Gregory D. Smith                          Michael E. Gazette
Nolan Smith                               megazette@suddenlink.com
gsmith@rameyflock.com                     Law Office of Michael E. Gazette
nolans@rameyflock.com                     100 E. Ferguson, Suite 1000
Ramey & Flock, P.C.                       Tyler, TX 75702
100 E. Ferguson, Suite 500
Tyler, TX 75702


                            /s/ Mike Hatchell
                                Mike Hatchell